Filed 1/30/15  Steen v. Chudy CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ELIJAH STEEN, a Minor, etc., et al., | H040003 |
| Plaintiffs and Respondents, | (Monterey County Super. Ct. No. M121547) |
| v. | |
| RAYMOND CHUDY, | |
| Defendant and Appellant. | |

**INTRODUCTION**

Defendants Raymond Chudy and the Monterey Peninsula Unified School District (hereafter referenced collectively as "Chudy") appeal an order denying their special motion to strike a complaint under Code of Civil Procedure section 425.16.[1]  Chudy contends that the court erred in denying the motion, as the causes of action alleged in a complaint filed by plaintiffs Elijah Steen and his guardian ad litem Monia Diane Williams (hereafter referenced collectively as "Steen") arose from activity protected under section 425.16.  However, because the gravamen of the complaint is damages arising out of bodily injury, and thus, as we explain below, not a protected category of conduct, we will affirm the order.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2013, Steen filed a complaint, alleging a violation of the Ralph Act (Civ. Code, § 51.7), a violation of the Bane Act (Civ. Code, § 52.1), assault, battery, intentional infliction of emotional distress, and negligence. The causes of action were based on disciplinary actions that Chudy took against Steen on February 23, 2012. On that date, Chudy was working as substitute teacher at La Mesa Elementary School. Steen was one of the students at La Mesa Elementary. During lunchtime, Steen began misbehaving while he was standing in the lunch line. Chudy had first verbally responded to Steen's behavior, but Steen continued to disobey instructions. Steen alleged that "[a]fter a brief verbal intervention, CHUDY, without justification, grabbed [Steen]'s neck, pushed him down, and physically and verbally intimidated him."

On April 3, 2013, Chudy filed an anti-SLAPP motion to strike Steen's complaint. In his motion, Chudy argued that Steen's claims arose from statements and actions related to an "official proceeding," and was therefore protected under section 425.16, subdivision (e).

On April 29, 2013, Steen filed an opposition to the special motion to strike. In the opposition, Steen argued that Chudy could not show that the claims arose from protected activity because (1) the gravamen of the action was physical battery and was therefore not "speech or petitioning activity," and (2) the act of disciplining a student was not considered an "official proceeding" as contemplated by section 425.16, subdivisions (e). Additionally, Steen argued that he could show a probability of prevailing on his claims.

After the trial court held a hearing on the special motion to strike, it entered an order dated July 8, 2013, in which it denied the motion. The court found that though "plaintiff's claim arose from statements made in an official disciplinary proceeding . . . the activity from which plaintiff's claim arose involved no expressive act and was, therefore not subject to the protections of the anti-SLAPP statute."

2

On July 31, 2013, Chudy filed a timely notice of appeal from the trial court's denial of the anti-SLAPP motion.

## DISCUSSION

On appeal, Chudy challenges the trial court's denial of his anti-SLAPP motion.[2]

A SLAPP, or Strategic Lawsuit Against Public Participation, is an unsubstantiated lawsuit arising from the defendant's constitutionally protected speech or petitioning activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 60 (*Equilon*).) Section 425.16 was enacted in 1992 to address the "disturbing increase" in the frequency of these meritless harassing lawsuits. (§ 425.16, subd. (a); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1126-1127.) It was the Legislature's finding "that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (§ 425.16, subd. (a).) The statute was thus designed to deter meritless actions that "deplete 'the defendant's energy' and drain 'his or her resources' [citation]," and " ' "to prevent SLAPPs by ending them early and without great cost to the SLAPP target." ' [citation]." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.)

Section 425.16 expressly provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

---

[2] Steen did not file a respondent's brief on appeal. Under California Rules of Court, rule 8.220, this court may decide the appeal on the record, the opening brief, and any oral argument by the appellant.

3

Section 425.16, subdivision (e) lists what constitutes an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" as used in section 425.16. Such acts include: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

In evaluating a motion under section 425.16, the trial court engages in "a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon, supra,* 29 Cal.4th at p. 67.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

On appeal, we review the entire record de novo to decide whether the defendant has shown that section 425.16 applies and, if so, whether the plaintiff has shown a probability of prevailing. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.) "Accordingly, we independently determine whether the challenged cause of action

4

arose from the defendant's exercise of the constitutional right of petition or free speech—and if so, whether the plaintiff has demonstrated a probability of prevailing on the merits of the claim." (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573 (*Robles*).)  We consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)  "However, we neither 'weigh credibility [nor] compare the weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff . . . and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' " (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3, quoting *HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212.)

Chudy contends that causes of action alleged in Steen's complaint arose from conduct that was protected under the anti-SLAPP statute.  Specifically, Chudy claims that the disciplinary actions he took were made before or made in connection with an official proceeding.  (§ 425.16, subds. (e).)

"[A] defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant.  [Citation.]  We conclude it is the *principal thrust* or *gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies [citation], and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." (*Martinez v. Metabolife Int'l, Inc.* (2003) 113 Cal.App.4th 181, 188 (*Martinez*); see also *Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866 ["The statute does not accord anti-SLAPP protection to suits arising from any act having any connection, however remote, with an official proceeding."]

" '[T]hat a cause of action arguably may have been "triggered" by protected activity does not entail that it is one arising from such.' [Citation.]  Instead, " 'the

5

statutory phrase "cause of action . . . arising from" means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech.' [Citations.] . . . [¶] 'As courts applying the anti-SLAPP statute have recognized, the "arising from" requirement is not always easily met.' [Citation.] The requirement can be satisfied only by showing that the defendant's conduct falls within one of the four statutory categories described in section 425.16, subdivision (e)." (*Robles*, *supra*, 181 Cal.App.4th at p. 574.)

In reviewing the complaint, we conclude that the alleged battery was the gravamen and principal thrust of all of the alleged causes of action. While the complaint does mention that Chudy engaged in "brief verbal intervention" when Steen began misbehaving, the verbal intervention was only a small part of the complaint. Indeed, the complaint goes on to describe the allegedly excessive physical contact, and it emphasizes that "[a]t no time prior to making physical contact . . . did CHUDY ask a regular La Mesa teacher, administrator, or staff member to assist him with resolution of the situation." Thus, although the alleged battery may have been connected to the overall disciplinary action, it was nonetheless distinct from any sort of protected verbal conduct. Furthermore, Chudy's alleged battery was not an act "in furtherance of the [defendant's] right of petition or free speech" (§ 425.16, subd. (b)(1)), as it does not fall under the categories listed in section 425.16, subdivision (e). Chudy asserts that his disciplinary conduct falls under section 425.16, subdivision (e)(1) or (2). However, those categories specifically state that the anti-SLAPP statute only protects a "*written or oral statement or writing*" made before or in connection with an official proceeding. (§ 425.16, subd. (e) [emphasis added].) Physical conduct is not included in those categories, and should not be read into the statute. (See *Whaley v. Sony Computer Entm't Am., Inc.* (2004) 121 Cal.App.4th 479, 485 [" 'The words of the statute should be given their ordinary and

usual meaning and should be construed in their statutory context.' "]; *Util. Consumers' Action Network v. Pub. Utilities Comm'n of State* (2004) 120 Cal.App.4th 644, 658 ["Words that are not there should not be read into a statute."].)[3] As Steen's claims arose from non-protected activity, we conclude that the anti-SLAPP motion was properly denied.

## DISPOSITION

The order denying the special motion to strike is affirmed.

---

[3] Though not argued by Chudy, we note that the physical conduct at issue here would also not constitute "conduct . . . in connection with a public issue or an issue of public interest" under section 425.16, subdivision (e).

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.

*Steen et al. v. Chudy*
**H040003**

8